UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JIMMY SMITH,<br>    Plaintiff,<br><br>v.<br><br>STEVEN MINICUCCI,<br>    Defendant. | C.A. No. 23-00315-MSM-LDA |

### MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Jimmy Smith, a law school graduate appearing *pro se*, sues the defendant, Steven Minicucci, an adjunct professor at Smith's alma mater, Roger Williams University Law School ("RWULS"). Smith has asserted both federal question and diversity jurisdiction. (ECF No. 1 at 3.) Before the Court is Minicucci's Motion to Dismiss the Complaint. (ECF No. 16.) Minicucci argues that the Court lacks subject matter jurisdiction and that Smith has failed to comply with Rule 8(a)(2)'s requirement that the Complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

### I.  MOTION TO DISMISS STANDARD

"[F]ederal courts are courts of limited jurisdiction." *Woo v. Spackman*, 988 F.3d 47, 53 (1st Cir. 2021) (quoting *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994)). The court "has the obligation, when there is any question, to confirm that it has subject matter jurisdiction prior to considering the merits of the underlying controversy." *Sinapi v. R.I. Bd. of Bar Examiners*, 910 F.3d 544, 549 (1st

Cir. 2018) (citing *Acosta-Ramírez v. Banco Popular de P.R.*, 712 F.3d 14, 18 (1st Cir. 2013)). "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed. Instead, the proponent—here, the plaintiffs—must carry the burden of demonstrating the existence of federal jurisdiction." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st. Cir. 1998). In determining a motion to dismiss for lack of subject matter jurisdiction the court must "accept as true the complaint's well-pleaded factual allegations, excluding, however, bald conclusions, unrelieved rhetoric and pejorative epithets." *Id.* at 15.

## II.  DISCUSSION

### A. Federal Question Jurisdiction

Smith invokes no specific federal cause of action, federal statute, or constitutional provision in his Complaint. He alleges against Minicucci "retaliation for filing racial discrimination claims against the school." (ECF No. 1 at 3.) However, even liberally construing the Compliant because Smith is *pro se*, the alleged actions of Miniccuci do not plausibly support his conclusory assertion of unlawful retaliation.

For instance, Smith alleges that Minicucci lied to the Law School Honor Board "even though he knew the truth." *Id.* at 4. He states that "Minicucci was Meredith Cockman's trial ad professor and [li]ed to the honor board and said I was at her final trial when I was not." *Id.* at 3. Later in the Complaint, Smith claims that "Cockman was lying and Minicucci did nothing to stop it." *Id.* at 4. Smith also alleged that during his final of his trial advocacy class, Minicucci "ended his class early in an attempt to intimidate [Smith] and prove that he was in cahoots with the judge in

[Smith's] trial." *Id.* Mr. Smith claims that Minicucci was one of the judges at the final for his trial competition class and that "because [Smith] made a complaint about race, [Minicucci] conspired with the Rhode Island public defenders to stack the deck against [him] in the class." *Id.* Smith also states that "[d]uring my final [Minicucci] made it a point to end th[e] class early for the first time all semester to walk by the room I [w]as in, smile at me and walk away as if saying 'you have no shot.'" *Id.* at 3.

Smith also alleges in his Complaint that when he was arraigned in 6th Division District Court, "Minicucci gave that information to [A]ndy Horwitz who showed up that day and pretended not to see me, and Steven Antonucci who stayed outside in his car until he saw me, then quickly tried to scurry back to the courthouse to tell hi[s] bos[s] (RWU Law Board of Governors member)." *Id.* at 4.

These disjointed allegations simply do not plausibly support any federal claim for retaliation. That is, Smith offers no specific facts, other than some vague, speculative, and conclusory references, that would indicate that any of Minicucci's alleged actions were done in response to a claim of racial discrimination that Smith had made. Indeed, it is unclear if that claim of racial discrimination (to which no detail is provided) involved Minicucci or if he was even aware of it.

Because Smith does not assert a claim under federal law, the Court does not have subject matter of his claim under 28 U.S.C. § 1331.

### B. Diversity Jurisdiction

District courts have original jurisdiction in all civil actions between citizens of different states, "where the matter in controversy exceeds the sum or value of

3

$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The parties here are citizens of different states, but Minicucci argues that Smith has not met the amount-in-controversy requirement.

Smith does assert $200,000 in damages ("the equivalent of a full refund from the law school") and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). "Good faith is measured objectively; '[t]he question … is whether to anyone familiar with the applicable law that this claim could objectively have been viewed as worth' more than the jurisdictional minimum." *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 44-45 (1st Cir. 2012) (quoting *Coventry Sewage Assoc. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995)).

Smith contends that Minicucci should fully reimburse him for the cost of his law school education because Minicucci allegedly "frustrated the purpose" of Smith's educational contract with the RWULS. Smith, however, has pleaded insufficient facts that would plausibly demonstrate such a remedy. The apparent basis for Smith's claim is his belief that Minicucci somehow did nothing to stop a student from purportedly telling lies about Smith. Smith also speculates that Minicucci was somehow "in cahoots" with the "'judge' on [his] trial." Smith further surmises that Minicucci somehow harmed him by ending a class session early. Yet, RWULS did, in fact, graduate Smith in 2021. Nothing that Smith has claimed would require a refund

4

for the degree he possesses.

Smith also seeks to blame Minicucci for potential employers "shunning" him, but he pleads no facts that plausibly could tie Minicucci's alleged actions to his failure to gain employment post-graduation. These unsupported and speculative claims are insufficient to meet the jurisdictional threshold. *See Abdel-Aleem*, 665 F.3d at 43.

Accordingly, it "appear[s] to a legal certainty that [Smith's] claim is really for less than the jurisdictional amount...." *St. Paul Mercury Indem. Co.*, 3030 U.S. at 288-89.

### III. CONCLUSION

Because the Court lacks subject matter jurisdiction over his claims, Minicucci's Motion to Dismiss (ECF No. 16) is GRANTED. Because this dismissal is on jurisdictional grounds, it is made without prejudice. *U.S. ex rel. Poteet v. Bahler Med., Inc.*, 619 F.3d 104, 115 (1st Cir. 2010).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
July 11, 2024